# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **H.H. and A.D.**

**No. 23-87** (Jackson County CC-18-2022-JA-46 and CC-18-2022-JA-47)

## MEMORANDUM DECISION

Petitioner Mother F.H.[1] appeals the Circuit Court of Jackson County's January 17, 2023, order terminating her parental rights to H.H. and A.D.,[2] arguing that the court erred by allowing the children's written and verbal statements to be entered as evidence and terminating her parental rights. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April 2022, the DHS filed a petition alleging that petitioner abused and neglected her children by engaging in acts of domestic violence with her boyfriend in front of the children, using drugs in the presence of the children, and grabbing H.H. by the throat and slamming him against a wall. According to the record, this was petitioner's third abuse and neglect case, although the record is unclear what conditions the prior petitions addressed. It appears that she was granted at least one improvement period in each of her two prior cases. Petitioner completed improvement periods in both prior cases and the children were returned to her care.

---

[1]Petitioner appears by counsel Andrew J. Katz. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew Waight. Counsel Erica Brannon Gunn appears as the children's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

At an August 2022 adjudicatory hearing, petitioner admitted by stipulation that she had abused drugs and exposed the children to domestic violence. The court accepted petitioner's admissions and adjudicated her of abusing and neglecting the children.

In November 2022, the court held a dispositional hearing. The court heard testimony from A.D.'s therapist, A.D.'s grandmother, and A.D.'s former therapist. At the hearing, the guardian called A.D.'s grandmother as a witness and she played a recorded conversation between herself and A.D. during which A.D. disclosed sexual abuse at the hands of petitioner and petitioner's boyfriend. The guardian stated that the purpose of the recorded statement was to prove, among other things, that an improvement period for petitioner was inappropriate. Additionally, A.D.'s former therapist testified that A.D. had previously made disclosures of sexual abuse. The DHS presented a letter from H.H. alleging sexual abuse at the hands of petitioner's boyfriend. The court admitted the recorded conversation and the letter over petitioner's objections.

The court ultimately terminated petitioner's parental rights.[3] The court found that petitioner abused her children and permitted her boyfriend to abuse them as well. The court further found that petitioner exposed the children to domestic violence. The court noted that petitioner received services during her two previous proceedings and found that there were no more services that could be offered to petitioner that had not already been offered. Further, the court concluded that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the foreseeable future, if ever, and that the potential for further abuse and neglect was so great as to preclude the use of resources to mitigate or resolve family problems or assist petitioner in fulfilling her responsibilities to the children. It is from this order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that the circuit court erred by allowing H.H.'s letter and A.D.'s recorded statement to be entered into evidence because the evidence was not disclosed until the day of the dispositional hearing. However, none of the authorities upon which petitioner relies can entitle her to relief. First, petitioner argues that the introduction of this evidence violated Rule 8(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. However, her reliance on this rule is misplaced, as Rule 8(b) sets forth the procedure for the taking of a child's testimony. Here, the record shows that no such testimony was offered. Second, petitioner claims that the introduction of this evidence at the dispositional hearing violated Rule 10(b)(1) of the Rules of Procedure for Child Abuse and Neglect Proceedings. However, that rule requires counsel for the DHS to provide "[a]ny relevant written or recorded statements *made by the respondents* (or any one of them), or copies thereof, and the substance of any oral statements which the petitioner intends to offer in evidence at the trial *made by the respondents* (or any one of them)." (Emphasis added). Here, the DHS did not introduce any statements made by respondents. Thus, petitioner's reliance on this rule is similarly misplaced.

---

[3]H.H.'s father's parental rights were terminated below. A.D.'s father previously relinquished his parental rights. The permanency plan for the children is adoption in their respective current placements.

2

Having established that the authorities upon which petitioner relies cannot entitle her to relief, we further find no error in the termination of petitioner's parental rights. We have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604,] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The circuit court noted that petitioner received services on two prior occasions and made specific findings that there were no services that could remedy the conditions of abuse and neglect. The record contains ample evidence to support the circuit court's findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was necessary for the children's welfare to terminate petitioner's parental rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the children's welfare). Regardless of the evidence petitioner claims was improperly introduced, the court made adequate findings to terminate petitioner's rights upon ample evidence that petitioner does not challenge on appeal. Thus, petitioner's argument that the court erred is without merit.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 17, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: March 11, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice William R. Wooton

**DISSENTING:**

Justice John A. Hutchison
Justice C. Haley Bunn

BUNN, Justice, dissenting:

I dissent to the majority's resolution of this matter. I would have set this case for Rule 19 oral argument to thoroughly address petitioner's due process argument. We have held that,

> "West Virginia Code, Chapter 49, Article [4], Section [601 (2015)], as amended, and the Due Process Clauses of the West Virginia and United States Constitutions prohibit a court or other arm of the State from terminating the parental rights of a natural parent having legal custody of his child, without notice and the opportunity for a meaningful hearing." Syl. Pt. 2, *In re Willis*, 157 W. Va. 225, 207 S.E.2d 129 (1973).

Syl. pt. 3, *In re T.S.*, 241 W. Va. 559, 827 S.E.2d 29 (2019). Petitioner's assignment of error, which the majority does not address in this memorandum decision, is based on the introduction of evidence, at the dispositional hearing, related to new allegations that were not included in the petition alleging abuse and neglect. DHS did not provide petitioner with notice of this evidence until the beginning of the dispositional hearing. Deciding whether this last-minute notice deprived petitioner of a meaningful hearing in violation of her due process rights warrants consideration on the Rule 19 docket. Accordingly, I respectfully dissent. I am authorized to state that Justice Hutchison joins me in this dissent.